NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DENNIS VINCENZINI, an individual,

Plaintiff - Appellant,

v.

TRANSITAMERICA SERVICES, INC.,

Defendant - Appellee.

No. 24-7359

D.C. No.
4:23-cv-00645-JSW

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted February 10, 2026
San Francisco, California

Before: GOULD, FRIEDLAND, and MILLER, Circuit Judges.

Appellant Dennis Vincenzini ("Vincenzini") appeals the district court's

order granting Appellee TransitAmerica Services, Inc.'s ("TASI") motion for

summary judgment on claims arising from Vincenzini's termination from

employment as a locomotive engineer. Vincenzini contends that his termination

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

was retaliation for his whistleblowing activities while serving as his union's safety representative.

We review a district court's decision to grant summary judgment *de novo. Desire, LLC v. Manna Textiles, Inc.,* 986 F.3d 1253, 1259 (9th Cir. 2021). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Soc. Techs. LLC v. Apple Inc.,* 4 F.4th 811, 816 (9th Cir. 2021). "We review evidentiary rulings for abuse of discretion and reverse if the exercise of discretion is both erroneous and prejudicial." *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1023 (9th Cir. 2022) (quoting *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014)). As the parties are familiar with the facts, we do not recount them here. We reverse and remand with instructions.

## I.

The district court erred in holding that TASI was entitled to summary judgment. Vincenzini presented sufficient evidence to create a genuine issue of material fact as to whether his whistleblowing activity was a contributing factor to his termination. *See Lawson v. PPG Architectural Finishes, Inc.*, 12 Cal. 5th 703, 713 (2022) (explaining that California law "requires whistleblower plaintiffs to show that retaliation was a 'contributing factor' in their termination, demotion, or

other adverse action"). A "contributing factor" is any factor that "tends to affect in any way the outcome of the decision." *Lawson*, 12 Cal. 5th at 714. Appellee conducted an audit of Vincenzini's data recorder records on the same day the Federal Railroad Association closed its investigation into his most recent complaint. This temporal proximity is circumstantial evidence of retaliation, *see Bell v. Clackamas County*, 341 F.3d 858, 865 (9th Cir. 2003), and when considered along with evidence of procedural irregularities at Vincenzini's disciplinary hearing, as well as comments from TASI management concerning Vincenzini's whistleblowing, creates a genuine issue of material fact as to whether his protected activity was a contributing factor in his termination.

There are also genuine issues of material fact as to whether TASI would have terminated Vincenzini absent his protected activity. At this step, the burden is on TASI to present evidence that "the alleged action would have occurred for legitimate, independent reasons." *Lawson*, 12 Cal. 5th at 707; Cal. Labor Code § 1102.6. Vincenzini presented evidence of possible unreliability of the data recorders, the lack of a formalized disciplinary policy regarding positive train control and automatic brake valve violations, and past treatment of employees who were not terminated for similar violations. In light of that evidence, TASI's evidence is inadequate to meet its burden to prove its same-decision defense by

clear and convincing evidence, *see Lawson*, 12 Cal. 5th at 717–718, and consequently, there is a genuine issue of material fact.

For the same reasons as those outlined above on Vincenzini's statutory claim, there are genuine disputes of material fact on his claim for wrongful termination in violation of public policy. We remand both claims for further proceedings.

II.

The district court did not err in excluding portions of paragraphs 15-17 of the declaration of Marc Beauchamp, a TASI locomotive engineer, for failure to provide an expert report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). To the extent those paragraphs consist of Beauchamp's interpretation of data that was provided to him for analysis for this case, they constitute retained expert testimony. *See Goodman v. Staples the Off. Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011); Fed. R. Civ. P. 26(a)(2)(B).

To the extent the district court excluded witness declarations for lack of foundation or as speculative, we vacate those evidentiary rulings so that the witnesses—Marc Beauchamp and Jordan Coleman—may be permitted to lay foundation at trial. The district court also erred to the extent it deemed the declarations hearsay, because "[e]ven . . . declarations that do contain hearsay are admissible for summary judgment purposes because they 'could be presented in an

admissible form at trial.'" *Fonseca v. Sysco Food Servs. of Ariz., Inc.,* 374 F.3d 840, 846 (9th Cir. 2004) (quoting *Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003)).

**REVERSED AND REMANDED WITH INSTRUCTIONS.**